UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11CR33

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RUTH ANN TAYLOR, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion for Psychiatric Exam [# 4]. Defendant moves the Court to order a psychological evaluation pursuant to 18 U.S.C. § 4241 to determine whether Defendant is mentally competent to stand trial. The Government does not oppose Defendant's motion. On December 20, 2011, the Court held a hearing and orally granted the motion. The Court now enters this written Order **GRANTING** the motion [# 4] and **DIRECTING** the parties as follows:

(1) the Court **ORDERS** that Defendant shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section 4241(b), to determine if the Defendant, RUTH ANN TAYLOR, is presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the

nature and consequences of the proceedings against her or to assist properly in her defense.

(2) The Court **ORDERS** that for purposes of examination pursuant to Section 4241(b), Defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed thirty (30) days, as is necessary to make evaluations as to whether RUTH ANN TAYLOR:

    (A) is presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

    18 U.S.C. § Sections 4241(b) and 4247(b) and (c).

For purposes of determining the thirty (30) day period, the examination is deemed to commence on the day Defendant is admitted to the mental health facility.

(3) The Court **DIRECTS** the Warden or the Case Manager of the designated facility that he or she should requests an extension of the 30-day examination period in writing by mailing the request to the Clerk of this Court, with copies sent to Defendant's counsel, the United States

Attorney, and the United States Marshal.

(4)     The Court **DIRECTS** the psychologist or psychiatrist, as designated by the Attorney General to examine Defendant, to prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(5)     The Court **DIRECTS** the psychologist or psychiatrist, as designated by the Attorney General, to forward the original report to the Court and submit a copy of the report to the Clerk of this Court, counsel for Defendant, and the United States Attorney.

(6)     The Court **DIRECTS** the United States Marshal to transport Defendant RUTH ANN TAYLOR to the mental health institution, which shall be designated by the Attorney General, and return Defendant immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume. **The United States Marshal is permitted a total of ten (10) days within which to transport RUTH ANN TAYLOR to and from the mental health institution.** If bond has not been allowed, the Defendant shall remain in the custody of the United States Marshal.

(7)     The Court **DIRECTS** the United States Marshal to provide Defendant

with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(8) The Court **INSTRUCTS** counsel for Defendant that in the event psychiatrists or psychologists employed by the government determine that Defendant is competent to stand trial, counsel for Defendant may promptly, thereafter, file a motion for appointment and examination by independent experts. Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of Defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that Defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that Defendant does not have a "rational as well as factual understanding of the proceedings against him." Penry v. Lynaugh, 492 U.S. 302, 333 (1989). The filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

The Court **DIRECTS** the Clerk to **CERTIFY** copies of this Order to counsel for Defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal. The Court **VACATES** its December 20, 2011, Order.

Signed: December 29, 2011

Dennis L. Howell
United States Magistrate Judge